**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| **NORTHWEST ENVIRONMENTAL DEFENSE CENTER**, **CENTER FOR BIOLOGICAL DIVERSITY**, **THE CONSERVATION ANGLER,** and **WILLAMETTE RIVERKEEPER,** <br><br> Plaintiffs, <br><br> v. <br><br> **FEDERAL EMERGENCY MANAGEMENT AGENCY, et al.,** <br><br> Defendants. | Case No. 3:23-cv-01335-SI |

**FEDERAL DEFENDANTS' MEMORANDUM IN OPPPOSITION TO**
**PLAINTIFFS' MOTION TO ALTER OR AMEND**
**ORDER AND JUDGMENT (Dkt. No. 54)**

Before the Court entered its order of dismissal, Plaintiffs filed *five* briefs in support of their claims and in response to Federal Defendants' arguments regarding ripeness. Dkt. No. 19 (Plaintiffs' Motion for Summary Judgment and Memorandum in Support); Dkt. No. 29 (Plaintiffs' Response in Opposition to Motion for Summary Judgment and Reply in Support of Motion for Summary Judgment); Dkt. No. 36 (Notice of Factual Development); Dkt. No. 48 (Supplemental Brief); Dkt. No. 51 (Supplemental Brief on Reply in Support of Ripeness). Thus, Plaintiffs had both the first and last word in briefing their claims. *See id.* Plaintiffs *twice* presented oral argument to the Court in support of their claims and in response to Federal Defendants' arguments regarding ripeness. *See* Dkt. No. 35 (Minutes of March 18, 2025 Oral

1

Argument Hearing); Dkt. No. 45 (Minutes of Dec. 16, 2025 Telephone Status Conference). After giving Plaintiffs every opportunity to fully explicate their claims, the Court dismissed Plaintiffs' claims in a well-reasoned, thirteen-page memorandum opinion. There is no manifest error of law or fact upon which the judgment rests, and the Court should deny Plaintiffs' motion to alter or amend pursuant to Fed. R. Civ. P. 59(e).

## ARGUMENT

**I.     The Court properly concluded that principles of finality inform the Court's review of Plaintiffs' ESA citizen-suit claims.**

Plaintiffs' motion to alter or amend rests on the false premise that the Court misapprehended the basis of the Endangered Species Act ("ESA") citizen-suit claim asserted in the First Claim for Relief in Plaintiffs' Complaint filed September 14, 2023. Dkt. No. 1 ¶¶ 98-105. Contrary to Plaintiffs' assertion that the Court didn't understand the legal basis of Plaintiffs' First Claim for Relief, the Court expressly stated that "**Plaintiffs sued FEMA under the ESA's citizen-suit provision, 16 U.S.C. § 1540(g).**" Dkt. No. 52 at 7 (emphasis added). The Court's Order could hardly be more explicit or clear.

Even though Plaintiffs are not presently asserting a claim pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), the Court properly observed that "ESA claims reviewed under the APA standard '[i]rrespective of whether an ESA claim is brought under the APA or the citizen-suit provision.'" Dkt. No. 52 at 8 (quoting *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 481 (9th Cir. 2011)). Even assuming *arguendo* that the APA's finality requirements do not apply to ESA citizen-suit claims, Plaintiffs' claims failed because they did not allege any present ESA violation by FEMA. The ESA's citizen-suit provision does not confer jurisdiction over such claims alleging "wholly past violations." *See Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 57 (1987) (interpreting similar

2

citizen-suit provision in Clean Water Act); *Ctr. for Biological Diversity v. Marina Point Dev. Co.*, 566 F.3d 794, 804 (9th Cir. 2008) ("The ESA allows a citizen suit for the purpose of obtaining injunctive relief only….Of course, that is forward looking"). To the extent the Court referenced Plaintiffs' arguments with reference to FEMA's alleged "failure to act[,]" *see* Dkt. No. 52 at 10 (citations omitted), it was because Plaintiffs themselves framed their ESA citizen-suit claim as such and *not* because the Court misunderstood the statutory basis of their claim.

In effect, Plaintiffs asked the Court to infer that there is some present ESA violation because: 1) a biological opinion issued ten years ago concluded that FEMA's actions jeopardized ESA-listed species; and 2) FEMA has not yet implemented the reasonable and prudent alternatives ("RPAs") provided with that biological opinion. Indeed, Plaintiffs' own Complaint framed FEMA's alleged ESA violation as "FEMA's failure to *complete* its implementation of the RPA. . . or to take other protective actions to significantly reduce the impact of its implementation of the [National Flood Insurance Program]." Dkt. No. 1 at ¶ 103 (emphasis added). Plaintiffs never challenged the merits of any of the actions FEMA undertook to avoid jeopardizing ESA-listed species prior to the September 1, 2027 deadline for FEMA to complete its implementation of the RPA.

As Federal Defendants observed in their summary judgment reply memorandum, Dkt. No. 31 at 2-3, Plaintiffs tried to have it both ways. Plaintiffs abandoned their Second Claim for Relief alleging that FEMA unreasonably delayed implementation of the RPA recommended by the National Marine Fisheries Service ("NMFS"), and then Plaintiffs continued to cite FEMA's alleged delay as support for the remaining ESA arguments in their First Claim for Relief. *See, e.g.,* Dkt. No. 29 at 2 (referencing FEMA's "long history of delay" and "the slough of missed RPA deadlines to date"); *id.* at 4 ("FEMA's pattern of delay warrants judicial intervention"); *id.*

3

at 5 ("FEMA should not be allowed to capitalize on its delay"); *id.* at 6 ("FEMA's Delay is Jeopardizing Listed Species and is Destroying and Adversely Modifying Their Critical Habitat"); *id.* at 10 n.6 (referencing "FEMA's delay"); *id.* at 23 n.13 ("FEMA cannot use its failure to follow NEPA's procedural requirements as an excuse to continue to delay coming into compliance with Section 7's substantive duties"); *cf. id.* at 4 ("FEMA has procrastinated at every turn"). The Court should deny Plaintiffs' motion to alter or amend the judgment because, in focusing on FEMA's alleged failure to implement the RPA, Plaintiffs themselves failed to allege any present ESA violation by FEMA to support their ESA citizen-suit claim.

## II.    Plaintiffs' ESA citizen-suit claim is unripe.

Plaintiffs' rehashed ripeness arguments regarding *Ohio Forestry Ass'n v. Sierra Club,* 523 U.S. 726 (1998), hardly merit any response. Plaintiffs' argument that delayed review will inflict "practical harm" upon the interests Plaintiffs advance incorrectly presumes some present ESA violation, which as explained above, Plaintiffs failed to allege. For the same reasons, because Plaintiffs fail to allege any present ESA violation, Plaintiffs fail to demonstrate that judicial intervention is necessary to spur FEMA's compliance with the ESA. And, because Plaintiffs fail to argue any present ESA violation in relation to specific actions taken by FEMA to date in response to the RPA, it is unnecessary to answer the question of whether, prior to the September 2027 deadline for full implementation, FEMA has taken adequate steps to date to comply with the ESA considering NMFS's recommendations in the RPA. *Tribal Vill. of Akutan v. Hodel*, 869 F.2d 1185, 1194 (9th Cir. 1988). In any event, once presented with an administrative record documenting FEMA's actions to date, Plaintiffs failed to seek leave to amend their Complaint to assert any specific ESA violations based on that record. The Court should deny Plaintiffs' rehashed ripeness arguments.

## CONCLUSION

Everybody knows that Plaintiffs asserted an ESA citizen-suit claim. The problem for Plaintiffs was that they insisted on framing their ESA citizen-suit claim in relation to FEMA's alleged failure to implement the RPA, rather than asserting some present ESA violation in relation to FEMA's current actions. The Court should deny Plaintiffs' motion to alter or amend pursuant to Fed. R. Civ. P. 59(e).

Dated: May 14, 2026                    Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

MEREDITH L. FLAX, Deputy Section Chief
*/s/ Mark Arthur Brown*
MARK ARTHUR BROWN, Senior Trial Attorney
D.C. Bar No. 470050
Wildlife and Marine Resources Section
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 532-3103
Email: mark.brown@usdoj.gov

*Counsel for Federal Defendants*