**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **NORTHWEST ENVIRONMENTAL DEFENSE CENTER**, **CENTER FOR BIOLOGICAL DIVERSITY**, **THE CONSERVATION ANGLER**, and **WILLAMETTE RIVERKEEPER**,<br><br>Plaintiffs,<br><br>v.<br><br>**FEDERAL EMERCENCY MANAGEMENT AGENCY**, ***et al.***,<br><br>Defendants. | Case No. 3:23-cv-1335-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

Plaintiffs and Defendants cross-moved for summary judgment. ECF 19, 21. At oral argument, Plaintiffs agreed to dismiss their second claim, based on the Administrative Procedure Act ("APA"). Plaintiffs, therefore, moved forward only on their first claim, under the Endangered Species Act ("ESA"). On March 30, 2026, the Court construed Defendants' motion for summary judgment as a motion to dismiss based on ripeness and granted the motion, denied as moot Plaintiffs' cross-motion for summary judgment, and dismissed Plaintiffs' Complaint

without prejudice. *Nw. Env't Def. Ctr. v. Fed. Emergency Mgmt. Agency* ("*NEDC*" or "Order"), 2026 WL 867357, at *1 (D. Or. Mar. 30, 2026).

Now before the Court is Plaintiffs' motion under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend ("Motion") (ECF 54) the Court's Order and Judgment (ECF 52, 53). Plaintiffs argue that the Order incorrectly analyzed Plaintiffs' ESA claim as an APA claim. The Court agrees. For the reasons that follow, the Court grants Plaintiffs' Motion, vacates its Order and Judgment, and takes under advisement the cross-motions for summary judgment on Plaintiffs' ESA claim.

**STANDARD**

Under Rule 59(e) of the Federal Rules of Civil Procedure, a court has discretion to alter or amend a judgment if: (1) it is presented with newly discovered evidence; (2) it committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in controlling law. *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011); *see also McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) ("A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." (emphasis in original) (cleaned up)). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)); *see also Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) ("Whether or not to grant reconsideration is committed to the sound discretion of the court."). "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the

interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quotation marks omitted).

"A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis in original). A motion under Rule 59(e) must be filed within 28 days of the entry of judgment. Fed. R. Civ. P. 59(e).

## DISCUSSION

Plaintiffs' Motion requests that the Court correct a clear error of law in the Court's ruling dismissing Plaintiffs' first claim for relief. Plaintiffs argue that the Court erred by construing Plaintiffs' first claim as one brought under Section 706(1) of the APA instead of a claim brought under Section 7(a)(2) of the ESA. Plaintiffs voluntarily dismissed their APA claim at oral argument on March 18, 2025. ECF 35. Therefore, Plaintiffs' only remaining claim on summary judgment was their ESA citizen suit claim. Plaintiffs timely filed their Motion within the 28-day window permitted under Rule 59(e) of the Federal Rules of Civil Procedure.

Upon consideration of Plaintiffs' Motion, the Court recognizes that the Order dismissing Plaintiffs' Complaint is unclear and confusing as to whether the Court construed Plaintiffs' ESA claim as an APA claim. *See, e.g.*, *NEDC*, 2026 WL 867357, at *4 ("Plaintiffs bring their lawsuit under Section 706(1) of the APA . . . ."); *id.* at *5 ("Viewed in this context, Plaintiffs' claim under § 706(1) . . . ."). The Order is focused more on a stand-alone APA claim analysis than an ESA claim analyzed under the framework of the APA. Under the circumstances of this case, this constitutes clear error for purposes of Rule 59(e). *See Pergeau v. United States*, 2026 WL 2663619, at *2 (E.D. Mich. Sept. 10, 2026) ("A clear error of law occurs where the court applied the wrong legal standard, misapplied the correct one, or relied on clearly erroneous findings of fact." (citing *Auletta v. Ortino (In re Ferro Corp. Derivative Litig.)*, 511 F.3d 611,

623 (6th Cir. 2008)); *see also Cent. Baptist Church of Albany, Georgia, Inc. v. Church Mut. Ins. Co.*, 146 F.4th 1003, 1010 (11th Cir. 2025) (stating, in the context of a Rule 59(a) motion, that a district court errs when it "has applied the wrong legal standard" (quotation marks omitted)). Thus, the Court exercises its discretion and grants Plaintiffs' Motion.

## CONCLUSION

The Court GRANTS Plaintiffs' Motion to Alter or Amend Order and Judgment. ECF 54. The Court Clerk is instructed to VACATE the Order (ECF 52) and Judgment (ECF 53). The parties' cross-motions for summary judgment on Plaintiffs' ESA claim are again under advisement.

**IT IS SO ORDERED.**

DATED this 19th day of October, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge